**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

C.L., AN INDIVIDUAL,

     Plaintiff,

vs.

ESA P PORTFOLIO MD LLC and
ESA MANAGEMENT, LLC,                       CIVIL ACTION NO: _____

     Defendants.

_____

## COMPLAINT

COMES NOW the Plaintiff C.L., by and through the undersigned counsel, and respectfully

submits her complaint for damages and makes the following averments.

## INTRODUCTION

1. This action for damages is brought by C.L. ("Plaintiff"), a survivor of sex trafficking,

under the Federal William Wilberforce Trafficking Victims Protection Reauthorization Act of

2008 ("TVPRA"), 18 U.S.C. § 1595.

2. ESA P PORTFOLIO MD LLC is the owner of the subject premises and subject hotel,

doing business as Extended Stay America and located at 205 Professional Dr, Gaithersburg,

MD 20879.

3. ESA P PORTFOLIO MD LLC is the successor-in-interest to ESA P Portfolio MD Trust,

which was the owner during the relevant time period.

4. In 2021, ESA P Portfolio MD Trust was merged into ESA P PORTFOLIO MD LLC, and

by way of that merger, ESA P PORTFOLIO MD LLC acquired the properties and assumed

the liabilities of ESA P Portfolio MD Trust, with ESA P PORTFOLIO MD LLC being the surviving entity.

5. ESA MANAGEMENT, LLC was and is the operator and manager of the subject hotel located at 205 Professional Dr, Gaithersburg, MD 20879, and employed the hotel staff during the relevant time period.

6. During the relevant time period, ESA P PORTFOLIO MD LLC's predecessor-in-interest owned and ESA MANAGEMENT, LLC operated the subject hotel located at 205 Professional Dr, Gaithersburg, Maryland 20879, where Plaintiff was sex trafficked in 2015 through and inclusive of 2017.

7. Plaintiff meets the definition of a sex trafficking victim as she was induced by force, fraud, and coercion by her trafficker to engage in commercial sex at the subject hotel in 2015 through and inclusive of 2017.

8. Section 1591 of the TVPRA criminalizes sex trafficking of adults by force, fraud or coercion. See 18 U.S.C. § 1591. Separately, § 1595 of the TVPRA provides individuals who are victims of sex trafficking with a civil remedy against the traffickers or the beneficiaries of the sex trafficking crime. See 18 U.S.C. § 1595(a). More specifically, § 1595 provides for three distinct causes of action: (1) a claim against the trafficker who directly violated § 1591(a)(1)—a criminal statute; (2) a beneficiary claim against the trafficker who directly violated § 1591(a)(2)—a criminal statute; and (3) a beneficiary claim against a civil defendant who did not violate § 1591, but who "knowingly benefit[ed], financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a). This lawsuit is brought pursuant to prong three, i.e., a beneficiary claim against civil defendants.

**PARTIES**

9. Due to the sensitive, private, and potentially retaliatory nature of the allegations herein, Plaintiff's name and address is not contained in this Complaint to protect the safety, privacy and identity of this subject sex trafficked victim. Nationwide, similarly situated Plaintiffs have proceeded by pseudonym or by their initials due to the foregoing.

10. Plaintiff is currently a resident of the State of Ohio.

11. Plaintiff was born in 1988.

12. Plaintiff was sex trafficked at the subject hotel located at 205 Professional Dr, Gaithersburg, MD 20879 in 2015 through and inclusive of 2017.

13. ESA P PORTFOLIO MD LLC is a limited liability company that, upon information and belief, is organized under the laws of the State of Delaware. ESA P PORTFOLIO MD LLC is the successor-in-interest to ESA P Portfolio MD Trust, which owned the subject hotel during the time Plaintiff was trafficked. Through the 2021 merger, ESA P PORTFOLIO MD LLC expressly assumed the liabilities of its predecessor entity.

14. ESA MANAGEMENT, LLC is a limited liability company that, upon information and belief, is organized under the laws of the State of Delaware. ESA MANAGEMENT, LLC was and is the operator and manager of the subject hotel and employed hotel staff during the relevant time period.

15. At all times relevant and material, ESA P PORTFOLIO MD LLC owned and ESA MANAGEMENT, LLC operated and managed the subject hotel located at 205 Professional

Dr, Gaithersburg, MD 20879, which was authorized to do, licensed to do, and was doing business in the State of Maryland offering the subject hotel as a place of public lodging.

## JURISDICTION AND VENUE

16. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States, namely 18 U.S.C. § 1595.

17. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in this judicial district, and ESA P PORTFOLIO MD LLC and ESA MANAGEMENT, LLC conduct business within this District pursuant to 28 U.S.C. § 1391(b).

## CAUSE OF ACTION

## VIOLATION OF 18 U.S.C. § 1595 ("TVPRA")

18. Plaintiff sets forth an action for violation of 18 U.S.C. § 1595 as against ESA P PORTFOLIO MD LLC and ESA MANAGEMENT, LLC.

19. Plaintiff was sex trafficked at the subject premises owned by ESA P PORTFOLIO MD LLC's predecessor-in-interest and operated by ESA MANAGEMENT, LLC, doing business as Extended Stay America, located at 205 Professional Dr, Gaithersburg, MD 20879, in 2015 through and inclusive of 2017.

20. As owner, on information and belief, ESA P PORTFOLIO MD LLC's predecessor-in-interest had authority to terminate ESA MANAGEMENT, LLC as operator and/or to direct changes in operational policies, staffing, training, and security protocols at the subject hotel.

21. On information and belief, at all times relevant and material to this action, ESA P PORTFOLIO MD LLC's predecessor-in-interest, ESA P Portfolio MD Trust, participated as co-operator of the subject premises with ESA MANAGEMENT, LLC.

22. Upon information and belief, ESA P Portfolio MD Trust acted as franchisee of the Extended Stay America brand and, as franchisee, was contractually obligated to comply with all training requirements of the franchisor, to operate and maintain the subject hotel in compliance with the franchise agreement, and to exercise control over the day-to-day operations of the subject hotel.

23. In order to induce Plaintiff by force, fraud and coercion to engage in sex with sex buyers at the subject hotel, her trafficker used various means to do so including (a) being physically and verbally abusive to Plaintiff and at times in view and/or earshot of staff; (b) trafficker instilled in Plaintiff the fear of severe bodily injury and/or fear of death if trafficker's directives were not complied with; (c) psychological coercion; (d) withholding Plaintiff's identifying documents including her debit card and identification card; (e) other means of force, fraud and coercion used by the trafficker of Plaintiff to induce her to have sex with sex buyers at the subject hotel.

24. ESA P PORTFOLIO MD LLC knowingly benefited from the sex trafficking of Plaintiff at the subject hotel by receiving payment for the rooms rented by her trafficker (or at the direction of her trafficker) that were used for sex trafficking, including as to the Plaintiff, in violation of the TVPRA in 2015 through and inclusive of 2017.

25. ESA MANAGEMENT, LLC knowingly benefited from the sex trafficking of Plaintiff at the subject hotel by receiving payment for the rooms rented by her trafficker (or at the direction of her trafficker) that were used for sex trafficking, including as to the Plaintiff, in violation of the TVPRA in 2015 through and inclusive of 2017.

26. ESA P PORTFOLIO MD LLC rented rooms to individuals it knew or should have known were engaged in the sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

27. ESA MANAGEMENT, LLC rented rooms to individuals it knew or should have known were engaged in the sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

28. Plaintiff's trafficker took proceeds derived from the sex trafficking occurring on the subject premises to continue to pay for rooms rented at the subject hotel during the time that Plaintiff was being sex trafficked there in violation of the TVPRA.

29. In addition, ESA P PORTFOLIO MD LLC received other financial benefit including, but not limited to, from Wi-Fi which, in part, enabled the subject sex trafficking to occur (as Plaintiff was advertised by her trafficker online) and from such Wi-Fi service ESA P PORTFOLIO MD LLC, upon information and belief, received financial benefit.

30. In addition, ESA MANAGEMENT, LLC received other financial benefit including, but not limited to, from Wi-Fi which, in part, enabled the subject sex trafficking to occur (as Plaintiff was advertised by her trafficker online) and from such Wi-Fi service ESA MANAGEMENT, LLC, upon information and belief, received financial benefit.

31. ESA P PORTFOLIO MD LLC participated in a venture by owning the subject hotel that rented rooms to individuals that ESA P PORTFOLIO MD LLC knew or should have known were involved in sex-trafficking, including as to the Plaintiff herein, in violation of the TVPRA.

32. ESA MANAGEMENT, LLC participated in a venture by operating the subject hotel that rented rooms to individuals that ESA MANAGEMENT, LLC knew or should have known were involved in sex-trafficking, including as to the Plaintiff herein, in violation of the TVPRA.

33. Upon information and belief, during the time that Plaintiff was trafficked at the subject hotel in 2015 through and inclusive of 2017, Plaintiff's trafficker had interaction with staff of ESA MANAGEMENT, LLC by means of befriending and/or compensating a staff member(s) of ESA MANAGEMENT, LLC to act as lookout/informant for Plaintiff's trafficker so as to inform the trafficker of police activity or other similar type alerts. Plaintiff believes that this may have been reason, in part, that she was forced by her trafficker to have sex with an individual she perceived to be a staff member.

34. In this case, during the relevant time period alleged herein, ESA P PORTFOLIO MD LLC took part in a common undertaking or enterprise involving risk and potential profit with Plaintiff's trafficker that violated the TVPRA.

35.  In this case, during the relevant time period alleged herein, ESA MANAGEMENT, LLC took part in a common undertaking or enterprise involving risk and potential profit with Plaintiff's trafficker that violated the TVPRA.

36. Operating a hotel and renting out rooms is an enterprise involving risk and potential profit.

37. ESA P PORTFOLIO MD LLC owning the subject hotel and renting out rooms to Plaintiff's trafficker was an enterprise involving risk and potential profit.

38. ESA MANAGEMENT, LLC operating the subject hotel and renting out rooms to Plaintiff's trafficker was an enterprise involving risk and potential profit.

39. ESA P PORTFOLIO MD LLC owning the subject hotel and renting out rooms to Plaintiff's trafficker was an enterprise involving risk and potential profit which violated the TVPRA as to the Plaintiff herein.

40. ESA MANAGEMENT, LLC operating the subject hotel and renting out rooms to Plaintiff's trafficker was an enterprise involving risk and potential profit which violated the TVPRA as to the Plaintiff herein.

41. During the time that Plaintiff was trafficked at the subject hotel, Plaintiff's trafficker induced Plaintiff to have sex with ESA MANAGEMENT, LLC's staff member/employee by fraud, force and/or coercion; more specifically, an individual Plaintiff perceived to be a manager with whom she was forced to have sex approximately ten (10) times. She recalls this manager being short and Black with light skin and that he told her his name is "Craig."

42. ESA P PORTFOLIO MD LLC's repeated rental of rooms to Plaintiff's trafficker (or an individual renting at the direction of the trafficker), at ESA P PORTFOLIO MD LLC's hotel, was not a standard arm's length transaction, but rather the repeated room rental transactions which occurred during time that Plaintiff was trafficked at the subject hotel, were colored by overt indicators of sex trafficking such that ESA P PORTFOLIO MD LLC knew, or should have known, that ESA P PORTFOLIO MD LLC was renting rooms to individuals engaged in sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

43. ESA MANAGEMENT, LLC's repeated rental of rooms to Plaintiff's trafficker (or an individual renting at the direction of the trafficker), at ESA MANAGEMENT, LLC's hotel, was not a standard arm's length transaction, but rather the repeated room rental transactions which occurred during time that Plaintiff was trafficked at the subject hotel, were colored by overt indicators of sex trafficking such that ESA MANAGEMENT, LLC knew, or should have known, that ESA MANAGEMENT, LLC was renting rooms to individuals engaged in sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

44. ESA P PORTFOLIO MD LLC's association with the Plaintiff's sex trafficker was a venture because Plaintiff's trafficker had prior commercial dealings with said ESA P

PORTFOLIO MD LLC at the subject hotel premises by means of rooms repeatedly rented by the trafficker (or at the direction of the trafficker) during the time period of Plaintiff's trafficking, which ESA P PORTFOLIO MD LLC knew, or should have known, were being used for the sex trafficking of Plaintiff in violation of the TVPRA, and which the parties wished to continue for profit.

45. ESA MANAGEMENT, LLC's association with the Plaintiff's sex trafficker was a venture because Plaintiff's trafficker had prior commercial dealings with said ESA MANAGEMENT, LLC at the subject hotel premises by means of rooms repeatedly rented by the trafficker (or at the direction of the trafficker) during the time period of Plaintiff's trafficking, which ESA MANAGEMENT, LLC knew, or should have known, were being used for the sex trafficking of Plaintiff in violation of the TVPRA, and which the parties wished to continue for profit.

46. ESA MANAGEMENT, LLC was engaged in a venture with Plaintiff's trafficker through ESA MANAGEMENT, LLC's staff.

47. ESA P PORTFOLIO MD LLC was engaged in a venture with Plaintiff's trafficker through the on-site staff at the subject hotel, whose conduct and knowledge is imputed to ESA P PORTFOLIO MD LLC by virtue of its ownership, co-operator status, and operational control over the subject premises

48. A continuous business relationship existed between ESA P PORTFOLIO MD LLC's hotel, its agents, and Plaintiff's trafficker's sex trafficking business, in part, in that ESA P PORTFOLIO MD LLC provided assistance, support, or facilitation to the Plaintiff's trafficker by repeatedly renting rooms to individuals it knew or should have known were involved in sex trafficking on the premises in violation of the TVPRA, including as to the Plaintiff herein; and in doing so facilitated the venture's success.

49. A continuous business relationship existed between ESA MANAGEMENT, LLC's hotel, its agents, employees and staff, and Plaintiff's trafficker's sex trafficking business, in part, in that ESA MANAGEMENT, LLC provided assistance, support, or facilitation to the Plaintiff's trafficker by repeatedly renting rooms to individuals it knew or should have known were involved in sex trafficking on the premises in violation of the TVPRA, including as to the Plaintiff herein; and in doing so facilitated the venture's success.

50. ESA P PORTFOLIO MD LLC knowingly benefited from this venture, or enterprise, involving risk and potential profit, which was in violation of the TVPRA as to the Plaintiff herein, by receiving payment for the rooms rented by Plaintiff's trafficker (or at the direction of her trafficker), at the subject hotel, that were used for sex trafficking, including as to the Plaintiff, in 2015 through and inclusive of 2017.

51. ESA MANAGEMENT, LLC knowingly benefited from this venture, or enterprise, involving risk and potential profit, which was in violation of the TVPRA as to the Plaintiff herein, by receiving payment for the rooms rented by Plaintiff's trafficker (or at the direction of her trafficker), at the subject hotel, that were used for sex trafficking, including as to the Plaintiff, in 2015 through and inclusive of 2017.

52. ESA P PORTFOLIO MD LLC had constructive and actual knowledge that the undertaking or enterprise violated the TVPRA as to the Plaintiff.

53. ESA MANAGEMENT, LLC had constructive and actual knowledge that the undertaking or enterprise violated the TVPRA as to the Plaintiff.

54. ESA P PORTFOLIO MD LLC knew or should have known about the nature of the sex trafficking occurring at the subject hotel, including as it related to Plaintiff, a victim, due to the many red flags then and there existing, including but not limited to:

a. Constant foot traffic of sex buyers to the trafficker's rented rooms to have sex with Plaintiff;

b. Plaintiff would walk around hotel grounds, at times, drug impaired (MDMA (Molly/Ecstasy)), sleep deprived, hygiene impaired, behavior impaired, with visible bruising including at times black eye and bruising on upper and lower extremities, and in sexually explicit clothing;

c. Suspicious individuals loitering outside the hotel rooms when a sex buyer would enter a room;

d. Plaintiff's trafficker monitoring hotel hallway, door of rooms and walking hotel perimeter;

e. Plaintiff soliciting for sex buyers in common areas of the subject hotel at the direction of her trafficker;

f. Plaintiff's room exhibited signs of commercial sex work;

g. Plaintiff's trafficker on one occasion during the relevant time frame expressed overt anger in view of staff stemming from Plaintiff not being responsive to her phone. Her trafficker expressed his wrath in view of staff by means of pulling her by her hair in the lobby/check-in area of the hotel.

h. Overt evidence that Plaintiff was being induced by force, fraud and coercion to have sex with sex buyers on the subject premises, including: (1) visible bruising including at times a black eye and bruising on arm, bruising on leg; (2) overt physical deterioration of Plaintiff; (3) trafficker overtly asserting control over Plaintiff in common areas of the hotel in view and/or earshot of staff; (4) intermittent screaming and loud noise from rooms where trafficking of Plaintiff occurred sufficiently loud to be heard by staff outside the room; and

i. Other commonly known sex trafficking red flags which ESA P PORTFOLIO MD LLC knew or should have known of had anti-trafficking measures been timely and properly implemented at the hotel.

55. ESA P PORTFOLIO MD LLC, through its predecessor-in-interest, knew or should have known about the aforesaid red flags at the subject hotel because as owner, co-operator, and franchisee of the subject hotel, ESA P PORTFOLIO MD LLC's predecessor-in-interest had the right and ability to monitor, inspect, and oversee operations at the subject premises, and any knowledge acquired by on-site personnel—whether employed directly by ESA P PORTFOLIO MD LLC, by ESA MANAGEMENT, LLC, or by any other entity—is imputed to ESA P PORTFOLIO MD LLC by virtue of its ownership, co-operator status, and operational control over the subject hotel.

56. ESA MANAGEMENT, LLC knew or should have known about the nature of the sex trafficking occurring at the subject hotel, including as it related to Plaintiff, a victim, due to the many red flags then and there existing, including but not limited to:

a. Constant foot traffic of sex buyers to the trafficker's rented rooms to have sex with Plaintiff;

b. During the time that Plaintiff was trafficked at the subject hotel, Plaintiff's trafficker induced Plaintiff to have sex with ESA MANAGEMENT, LLC's staff member/employee by fraud, force and/or coercion; more specifically, an individual Plaintiff perceived to be a manager with whom she was forced to have sex approximately ten (10) times. She recalls this manager being short and Black with light skin and that he told her his name is "Craig";

c. Plaintiff's trafficker on one occasion during the relevant time frame expressed overt anger in view of staff stemming from Plaintiff not being responsive to her phone. Her

trafficker expressed his wrath in view of staff by means of pulling her by her hair in the lobby/check-in area of the hotel;

d. Plaintiff would walk around hotel grounds, at times, drug impaired (MDMA (Molly/Ecstasy)), sleep deprived, hygiene impaired, behavior impaired, with visible bruising including at times black eye and bruising on upper and lower extremities, and in sexually explicit clothing;

e. Suspicious individuals loitering outside the hotel rooms when a sex buyer would enter a room;

f. Inside the hotel rooms rented by the trafficker (or at the direction of the trafficker) there was a suspicious bunch of people and suspicious items including cash, drugs, drug paraphernalia, condoms, lubricants which was observed, or should have been observed, by housekeeping staff;

g. Plaintiff's trafficker monitoring hotel hallway, door of rooms and walking hotel perimeter;

h. Plaintiff soliciting for sex buyers in common areas of the subject hotel at the direction of her trafficker;

i. Plaintiff's room exhibited signs of commercial sex work;

j. Overt evidence that Plaintiff was being induced by force, fraud and coercion to have sex with sex buyers on the subject premises, including: (1) visible bruising including at times a black eye and bruising on arm, bruising on leg; (2) overt physical deterioration of Plaintiff; (3) trafficker overtly asserting control over Plaintiff in common areas of the hotel in view and/or earshot of staff of ESA MANAGEMENT, LLC; (4) intermittent screaming and loud noise from rooms where trafficking of Plaintiff occurred sufficiently loud to be heard by staff outside the room; and

k. Other commonly known sex trafficking red flags which ESA MANAGEMENT, LLC knew or should have known of had anti-trafficking measures been timely and properly implemented at the hotel.

57. ESA MANAGEMENT, LLC's staff witnessed and observed on a regular and frequent basis signs and indicators of sex trafficking including as set forth in paragraph 56 above.

58. When being trafficked at the subject hotel during 2015 through and inclusive of 2017, Plaintiff interacted with ESA MANAGEMENT, LLC's staff on a daily basis, and ESA MANAGEMENT, LLC's staff witnessed and observed Plaintiff, her trafficker as well as a frequent procession of sex buyers going in and out of the subject rented rooms, contemporaneous with above other signs and indicators of trafficking occurring on the subject premises.

59. Plaintiff knows that individuals that witnessed and observed red flags indicative for suspicion for sex trafficking were staff members associated with defendants in that the staff were readily identifiable to Plaintiff either by her knowing of the individual and/or by means of the staff wardrobe/nametag/hotel logo and/or by means of a staff member being in an employee restricted area.

60. ESA P PORTFOLIO MD LLC's  involvement and failure, by its agents, to timely and properly prevent the sex trafficking or timely intervene regarding same was a proximate and competent cause and substantial factor in causing Plaintiff's severe injuries in this case including, but not limited to, being the victim of sex trafficking when at this subject hotel and suffering personal injury and the trauma physically and mentally of being induced to engage in commercial sex with multiple sex buyers per day, while being trafficked, and while simultaneously being under fear of severe harm or death if she did not comply as well as all residual injuries suffered by PTSD.

61. ESA MANAGEMENT, LLC's involvement and failure, by its agents, servants, staff, and employees, to timely and properly prevent the sex trafficking or timely intervene regarding same was a proximate and competent cause and substantial factor in causing Plaintiff's severe injuries in this case including, but not limited to, being the victim of sex trafficking when at this subject hotel and suffering personal injury and the trauma physically and mentally of being induced to engage in commercial sex with multiple sex buyers per day, while being trafficked, and while simultaneously being under fear of severe harm or death if she did not comply as well as all residual injuries suffered by PTSD.

62. Defendants, during the relevant time period, could deny accommodation and/or eject a guest for a number of reasons including, but not limited to, (1) guest visibly under the influence of drugs or alcohol, (2) guest creating a nuisance to the public; (3) guest believed to use a hotel room for unlawful purposes, (4) guest uses hotel amenities and premises for unlawful acts, (5) guest brings in extra unregistered guests, (6) guest's behavior reasonably disturbs other guests, (7) guest violates other rules set by the hotel, and (8) for other indicated reasons.

63. Plaintiff being sex trafficked at this subject hotel was a proximate cause, competent cause and substantial factor in causing her severe and permanent injuries including but not limited to personal injuries including the horror of being a victim of sex trafficking as well as significant levels of psychological trauma due to the levels of abuse she was caused to endure during the time she was trafficked. This trauma led to depression, anxiety disorders, and PTSD, which in turn affects daily functioning.

64. As a direct and proximate result of ESA P PORTFOLIO MD LLC's involvement and multiple failures to act, mandate, establish, execute anti-trafficking measures and modify its anti-trafficking efforts at the hotel property, Plaintiff was sex trafficked, sexually exploited,

and victimized repeatedly at ESA P PORTFOLIO MD LLC's hotel in violation of the TVPRA.

65. As a direct and proximate result of ESA MANAGEMENT, LLC's involvement and multiple failures to act, mandate, establish, execute anti-trafficking measures and modify its anti-trafficking efforts at the hotel property, Plaintiff was sex trafficked, sexually exploited, and victimized repeatedly at ESA MANAGEMENT, LLC's hotel in violation of the TVPRA.

66. As a consequence of being sex trafficked at the subject hotel, Plaintiff suffered and will continue to suffer substantial economic, physical, mental, emotional, psychiatric, psychological injuries as the result of being trafficked and sexually exploited at the subject hotel in violation of 18 U.S.C. § 1591.

**TOLLING OF LIMITATIONS**

67. To the extent ESA P PORTFOLIO MD LLC or ESA MANAGEMENT, LLC asserts an affirmative defense of limitations, Plaintiff invokes the discovery rule. At the time she was harmed and through at least 2017, Plaintiff was under the coercion and control of her trafficker who controlled her through physical abuse, threats, psychological manipulation, and severely restricted her freedom. As a result, Plaintiff lacked the information and capacity to understand her injuries and their legal causes.

68. Thus, Plaintiff did not discover and could not reasonably have discovered the legal cause of her injury—through no fault of her own—and lacked the information and understanding to bring a claim because she did not know both her injury and the cause of her injury. This lack of information was a direct result of Plaintiff being kept under the control, coercion, and manipulation of her trafficker, which ESA P PORTFOLIO MD LLC and ESA MANAGEMENT, LLC facilitated and/or enabled.

69. At the time Plaintiff was harmed, she did not know that she was the victim of human trafficking as that term is defined by law, that her injury arose from being "trafficked" at the subject hotel or that she was a person "trafficked," much less that she was the "victim" of a legal venture involving ESA P PORTFOLIO MD LLC and ESA MANAGEMENT, LLC, and she did not discover and was not in a position to discover the legal cause of her injury for years after her trafficking ended.

70. Plaintiff did not discover and could not reasonably have discovered that ESA P PORTFOLIO MD LLC and ESA MANAGEMENT, LLC could be held civilly liable for their role in facilitating her trafficking until she learned of the civil remedy available under 18 U.S.C. § 1595 against entities that knowingly benefit from participation in a trafficking venture. This legal theory and the availability of civil remedies against hotel defendants was not widely known to trafficking survivors until recent years.

71. To the extent ESA P PORTFOLIO MD LLC or ESA MANAGEMENT, LLC asserts an affirmative defense of limitations, Plaintiff invokes the doctrine of equitable tolling because, as a result of being a victim of trafficking, Plaintiff faced extraordinary circumstances, which arose through no fault of her own, that prevented her from filing a lawsuit, and those circumstances did not end more than 10 years before Plaintiff filed this lawsuit.

72. While under the control of her trafficker through 2017, Plaintiff did not have the freedom to investigate her claims, to identify those responsible, or to seek legal representation necessary to pursue her legal rights. Plaintiff could not have pursued her claims while under the active control of her trafficker despite the exercise of ordinary diligence.

73. Upon learning of her legal rights and the availability of claims against hotel defendants, Plaintiff diligently pursued her claims and timely sought legal representation.

74. To the extent ESA P PORTFOLIO MD LLC or ESA MANAGEMENT, LLC asserts an affirmative defense of limitations, Plaintiff invokes the continuing violation doctrine because this lawsuit arises out of a pattern of continuous and ongoing tortious conduct by ESA P PORTFOLIO MD LLC and ESA MANAGEMENT, LLC, individually and in concert, at the subject location.

75. Plaintiff was subject to continuous trafficking at the subject property through 2017, which is not more than 10 years before Plaintiff brings this lawsuit.

76. This continuous trafficking resulted from ESA P PORTFOLIO MD LLC's and ESA MANAGEMENT, LLC's facilitation of, or enabling of, trafficking at the subject property and their ongoing venture with criminal traffickers at that hotel.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against ESA P PORTFOLIO MD LLC and ESA MANAGEMENT, LLC as follows:

a) All available compensatory damages for the described losses with respect to the above cause of action;

b) Past and future emotional distress;

c) Consequential and/or special damages;

d) All available noneconomic damages, including without limitation pain, suffering, and loss of enjoyment of life;

e) Disgorgement of profits obtained through unjust enrichment;

f) Restitution;

g) All damages allowable under the TVPRA;

h) Reasonable and recoverable attorney's fees;

i) Punitive damages with respect to each cause of action;

j) Costs of this action; and

k) Pre-judgment and all other interest recoverable.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: December 6, 2025

RESPECTFULLY SUBMITTED,

/s/ Jason Fernandez, Esq.
Greenberg & Bederman LLC
1111 Bonifant Street
Silver Spring, MD 20910
(301) 589-2200
jfernandez@gblawyers.com

Randolph Janis
*Pro Hac Motion to be promptly submitted*
Douglas and London, P.C.
1 State Street, 35th Floor
New York, NY 10004
(212) 566-7500
rjanis@douglasandlondon.com

*Attorneys for Plaintiff*