# UNITED STATES DISTRICT COURT

# DISTRICT OF MARYLAND

## (Southern Division)

| | |
|---|---|
| C.L., AN INDIVIDUAL,<br><br>Plaintiff,<br><br>v.<br><br>ESA P PORTFOLIO MD LLC AND ESA MANAGEMENT, LLC,<br><br>Defendants. | Civil Case No. 8:25-CV-04291-PX<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OUT OF TIME, OR IN THE ALTERNATIVE, FOR AN ORDER DEEMING THE OPPOSITION TIMELY FILED NUNC PRO TUNC** |

Plaintiff C.L., an alleged survivor of sex trafficking, by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) and the Court's inherent equitable authority for leave to file her Opposition to Defendants ESA P Portfolio MD LLC and ESA Management, LLC's (collectively, "ESA") Motion to Dismiss out of time, or in the alternative, for an Order deeming the Opposition timely filed nunc pro tunc. Plaintiff's Opposition is filed herewith as **Exhibit A**. For the reasons that follow, the Court should grant this Motion and deny Defendants' Motion to Dismiss.

## I. BACKGROUND

On February 18, 2026, ESA simultaneously filed both an Answer to Plaintiff's Complaint (ECF No. 6) and a Motion to Dismiss pursuant to Federal

Rule of Civil Procedure 12(b)(6), along with an accompanying Memorandum in Support (ECF Nos. 7, 7-1). Under Local Rule 105.2(a), Plaintiff's opposition was due fourteen (14) days later, on March 4, 2026.

Plaintiff's counsel did not file the opposition by that date. The delay arose from Plaintiff's counsel erroneously diarying the deadline to oppose the motion as 21 days; rather than 14 days.

Plaintiff now moves for leave to file the attached Opposition (Exhibit A) out of time, or alternatively for a nunc pro tunc order deeming it timely, so that this matter may be decided on the merits.

### Effort to Obtain Consent in accord with Local Rule 105.9

Plaintiff's counsel twice reached out to defense counsel prior to making this motion to ascertain whether Defense would agree to Plaintiff now filing her opposition to Defendant's subject pending motion. Defense counsel advised at 3:06 pm that they would "advise ASAP"; but as of 6pm on March 11, 2026 defense had not communicated their response.

## II.  ARGUMENT

### A.  The Motion to Dismiss Is Procedurally Improper and Should Be Denied on That Ground Alone.

As a threshold matter, ESA's Rule 12(b)(6) motion is itself procedurally defective, which independently weighs in favor of granting leave so the Court may address the issues on the merits. Rule 12(b) expressly provides that a pre-answer

motion to dismiss "must be made *before pleading* if a responsive pleading is allowed." Fed. R. Civ. P. 12(b) (emphasis added). ESA filed its Answer (ECF No. 6) and its Motion to Dismiss (ECF No. 7) on the same date, February 18, 2026 — but the Answer was entered first on the docket. By filing an Answer before (or simultaneously with) its motion, ESA forfeited its right to seek pre-answer dismissal under Rule 12(b)(6). *Byrne v. Nezhat*, 261 F.3d 1075, 1093 n.35 (11th Cir. 2001).

The proper vehicle after an answer has been filed is a motion for judgment on the pleadings under Rule 12(c) — not Rule 12(b)(6). Should the Court convert the motion, ESA's own admissions in its Answer (ECF No. 6, ¶¶ 2–5, 13–15, 16–17, 62) become part of the record and bear directly on the merits, further undermining Defendants' position. Plaintiff's Opposition (Exhibit A) addresses the motion under both standards.

## B.  Leave to File Out of Time — or a Nunc Pro Tunc Order — Should Be Granted Under FRCP 6(b)(1)(B).

Under Federal Rule of Civil Procedure 6(b)(1)(B), the Court may extend a deadline after it has expired upon a showing of "excusable neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993). Courts applying *Pioneer* assess four factors: (1) danger of prejudice to the opposing party; (2) length of the delay and its impact on judicial proceedings; (3) reason for the delay; and (4) whether the movant acted in good faith. *Id.* All four factors support granting relief here.

3

### 1.  No Prejudice to Defendants.

ESA will suffer no prejudice from a brief extension. No scheduling order has been entered, no trial date has been set, and the Court has not yet ruled on the Motion to Dismiss. Defendants' litigation position is entirely unaffected by the short delay.

### 2.  The Delay Is Minimal.

The delay is seven (7) days. Courts in this district and elsewhere routinely find excusable neglect under far longer delays. *See, e.g., Thompson v. E.I. DuPont de Nemours & Co.,* 76 F.3d 530, 534 (4th Cir. 1996). The brief delay will have no meaningful impact on judicial proceedings.

### 3.  The Reason for the Delay.

The delay arose from Plaintiff's counsel erroneously diarying the deadline to oppose the motion as 21 days; rather than 14 days.

### 4.  Good Faith.

Plaintiff has acted in complete good faith. The Opposition (Exhibit A) is substantive, fully addresses every argument raised in Defendants' Memorandum, and was prepared promptly upon recognition of the missed deadline. Plaintiff is not seeking to delay proceedings or gain any tactical advantage. Granting leave ensures this matter is resolved on its merits.

## III. CONCLUSION

For the foregoing reasons, Plaintiff C.L. respectfully requests that this Court:

1.    Grant Plaintiff leave to file the Opposition to Defendants' Motion to Dismiss out of time, or enter an Order deeming the Opposition timely filed nunc pro tunc;

2.    Accept and docket the Opposition attached hereto as Exhibit A; and

3.    Deny Defendants' Motion to Dismiss (ECF No. 7) — or in the alternative, convert it to a Rule 12(c) motion and deny it on the merits — for the reasons set forth in Exhibit A.

Respectfully submitted,

*Date: March 11, 2026*

/s/ Randolph Janis, Esq.
Randolph Janis, Esq. (PHV)
DOUGLAS & LONDON, P.C.
One State Street, 35th Floor
New York, New York 10004
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
rjanis@douglasandlondon.com


*Local Counsel:*
/s/ Jason Fernandez, Esq.
Greenberg & Bederman LLC
1111 Bonifant Street
Silver Spring, MD 20910
Telephone: (301) 589-2200
jfernandez@gblawyers.com

*Attorneys for Plaintiff C.L.*

## CERTIFICATE OF POSITION

Plaintiff's counsel twice reached out to defense counsel prior to making this motion to ascertain whether Defense would agree to Plaintiff now filing her opposition to Defendant's subject pending motion. Defense counsel advised at 3:06 pm that they would "advise ASAP"; but as of 6pm on March 11, 2026 defense had not communicated their response.

/s/ Randolph Janis, Esq.
Randolph Janis, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2026, I electronically filed the foregoing

Motion and attached Exhibit A with the Clerk of the Court by using the CM/ECF

system, which will send a notice of electronic filing to all parties and/or counsel of

record, including:


Andrew T. Stephenson, Esq.
Dillon A. Swensen, Esq.
Franklin & Prokopik
Two North Charles Street, Suite 600
Baltimore, Maryland 21201
astephenson@fandpnet.com
dswensen@fandpnet.com

Respectfully Submitted,

/s/ Jason Fernandez, Esq.
Jason Fernandez, Esq.